PAUL A. AND SUSAN G. ACQUISTO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Acquisto v. Commissioner
Docket No. 6124-90
United States Tax Court
T.C. Memo 1991-293; 1991 Tax Ct. Memo LEXIS 339; 62 T.C.M. (CCH) 44; T.C.M. (RIA) 91293; July 2, 1991, Filed *339 Decision will be entered for the respondent. Paul A. Acquisto, pro se. Randall B. Pooler, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for the year 1986 in the amount of $ 3,236.00. The issues for decision are (1) whether petitioners are entitled to report a lump sum payment of unused sick leave in the amount of $ 22,729.00 under the 10-year (now 5-year) averaging provisions of section 402(e)(1), and if not, (2) whether the unused sick leave was taxable to petitioner in the year it was earned. Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Fort Myers, Florida. Paul Aquisto (petitioner) was employed as a school teacher by the School Board of Lee *340 County (School Board) from August of 1967 until his retirement in June of 1986. As an employee of the School Board, he participated in the Florida State Retirement System (State System). Upon his retirement, petitioner received retirement benefits from the State System. In addition to the State System benefits, he received a terminal pay benefit in the amount of $ 22,729.00 from the School Board. Employees of the School Board working over 4 hours a day, or over 20 hours a week, are eligible to accrue sick leave at a rate of one day per month. This may only be used on days when the employee is absent due to sickness or other specified reasons. To the extent an employee does not use the accrued sick leave, it is accumulated and, if the employee is eligible, he or she may receive the unused sick leave as a lump sum payment upon termination from service with the School Board. The terminal pay benefit petitioner received was a lump sum payment of the unused sick leave he had earned over the course of his employment with the School Board. The School Board has two requirements that must be met before an employee is eligible to receive unused sick leave as a terminal pay benefit. *341 First, the employee must be vested in the State System. An employee becomes vested in the State System after 10 years of employment with the School Board or other agency that participates in the State System. Second, if the employee is vested in the State System, the employee must also have worked for the School Board at least 3 years. The School Board did not maintain a separate fund into which it made a contribution on behalf of employees for sick leave they accrued. The School Board accounted for this obligation as a budgetary item to be met out of the general wage fund. Petitioner reported the terminal pay benefit he received on a Form 4972 as a lump sum distribution from a qualified retirement plan. He computed the tax due on the amount using the 10-year averaging method provided for under section 402(e). Respondent, in his statutory notice of deficiency, determined that this distribution was not from the exempt trust of a qualified plan and that 10-year averaging was not available to petitioner. Section 402(e)(1) provides that certain lump sum distributions received by a taxpayer may be taxed under a 10-year averaging method. To be eligible for this treatment, the lump *342 sum distribution must be paid from the exempt trust of a plan qualified under section 401, or from a plan qualified under section 403(a). Sec. 402(e)(4). Petitioner contends that the terminal pay benefit was a distribution from an exempt trust which is part of a plan qualified under section 401. Respondent contends that the benefit was not a distribution from an exempt trust, but rather a distribution of compensation earned by petitioner. On the record before us, we find for respondent. The School Board did not maintain a separate fund for the payment of these benefits and there was no trust into which the School Board made contributions. According to Mr. Ronald Fraser, the director of the School Board's payroll services department, the terminal pay benefits are paid out of the funds budgeted for general wage payments. Mr. Fraser also testified that the terminal pay benefit is not part of the benefits received under the State System's qualified plan. The only relationship between the two benefits is that the School Board requires its employees be vested in the State System before they are eligible for the terminal pay benefit. Petitioner has presented no evidence beyond his *343 own assertion that the lump sum payment he received was a distribution from the exempt trust of a qualified plan. Because the terminal pay benefit was not a distribution from a qualified plan, petitioner was not entitled to use the 10-year averaging provided by section 402(e). Petitioner contends in the alternative that if 10-year averaging is not available, then the sick leave he accrued should have been taxed as it was earned. Because it was not taxed as earned, petitioner asserts that he is due a refund of part of the tax he paid on the distribution in 1986. Petitioner bases this contention on two theories. First, petitioner contends that the sick leave he earned was property actually transferred to him in connection with the performance of services and, pursuant to section 83, taxable in the year of transfer. Second, petitioner argues that the sick leave was taxable under the doctrine of constructive receipt. Respondent contends that the unused sick leave was taxable when received as a lump sum distribution. We agree with respondent. Under either of petitioner's theories the unused sick leave was not taxable to petitioner until he actually received it. There was no transfer *344 of property as provided in section 83. The unused sick leave was not transferred to petitioner until the year he retired. The doctrine of constructive receipt, as codified in section 451, is inapplicable because the unused sick leave was not "credited to his account, set apart for him, or otherwise made available so that he [could] draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given." Sec. 1.451-2(a), Income Tax Regs.
Decision will be entered for the respondent.